IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| GLEN WILLIAMS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Civil No. 09-03358-CV-S-ODS-P |
| ) | Crim. No. 06-03143-01-CR-S-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

<u>ORDER AND OPINION (1) DENYING MOTION FOR POSTCONVICTION RELIEF, (2)
GRANTING GOVERNMENT'S MOTION TO DISMISS, AND (3) DECLINING TO ISSUE
CERTIFICATE OF APPEALABILITY</u>

Pending is Movant's motion for postconviction relief filed under 28 U.S.C. § 2255 (Doc. 1) and the Government's motion to dismiss Movant's motion (Doc. 5). The Government's motion is granted. Movant's motion is denied.

## I. BACKGROUND

On November 28, 2007, this Court accepted Movant's plea of guilty to being a felon in possession of a firearm and ammunition. On June 16, 2008, Movant filed a pro se motion to withdraw his guilty plea, claiming that he was factually innocent of the charge and that ineffective assistance of counsel induced him to plead guilty. However, at sentencing Movant withdrew his motion and was sentenced to 180 months' imprisonment followed by 5 years' supervised release. Movant did not file a direct appeal. On September 21, 2009, Movant filed the instant motion seeking postconviction relief.

## II. DISCUSSION

Because Movant's criminal judgment was entered on August 21, 2008, and he

did not file a direct appeal, his conviction became final on September 4, 2008. *See* Fed. R. App. P. 4(b)(1)(A), 26(a)(1); *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n. 2 (8th Cir. 2008) (conviction became final upon expiration of period for filing notice of appeal where defendant did not file notice of appeal). Under 28 U.S.C. § 2255(f)(1), a motion to vacate sentence must be filed within 1 year from the date the conviction became final. The 1-year limitations period can be equitably tolled "under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing." *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001).

Here, Movant did not file his motion until September 21, 2009, over 1 year after his conviction became final. Movant does not acknowledge that his motion was untimely, nor does he even attempt to argue that equitable tolling applies to his case. Movant's motion was untimely and shall be dismissed. *See* 28 U.S.C. § 2255(f); *Byers v. U.S.*, 561 F.3d 832, 837 (8th Cir. 2009).

In order to appeal this Court's denial of his motion filed under 28 U.S.C. § 2255, Movant must first obtain a Certificate of Appealability. The Court customarily addresses the Certificate of Appealability contemporaneously with the Order on the motion for postconviction relief because the issues are fresh in the Court's mind and efficiency is promoted. 28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Movant to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation omitted). When a Certificate of Appealability is denied, the court is required to "state why such a certificate should not issue." Fed. R. App. P. 22(b). In this case, Movant is not entitled to relief, and there is no justification for further proceedings.

### III. CONCLUSION

The United States' motion to dismiss is granted. Movant's motion for

postconviction relief is denied.  The Court declines to issue a certificate of appealability.
IT IS SO ORDERED.

                                                  /s/ Ortrie D. Smith
                                                  ORTRIE D. SMITH, JUDGE
DATE:  February 12, 2010                      UNITED STATES DISTRICT COURT